[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#131)
This lawsuit arises out of the longstanding and ongoing dispute between the City of New Haven (hereinafter "New Haven") and the Town of East Haven (hereinafter "East Haven") over the operation of the Tweed New Haven Airport ("Airport"). The motion at issue pertains to a Counterclaim dated June 9, 2000, filed by East Haven against New Haven and the Tweed New Haven Airport Authority (hereinafter "Authority"). In particular, the Authority has moved to strike the second and third counts of the Counterclaim asserting that the counts fail to allege a legally cognizable cause of action for tortious interference with contractual relationships. For the reasons set forth below, the motion to strike is denied. CT Page 16297
 BACKGROUND
The second count of the Counterclaim alleges the following: The Airport is operated on land owned by New Haven but which, in part, is within the corporate boundaries of East Haven. On April 6, 1983, New Haven and East Haven entered into an agreement that set forth their respective rights, duties and obligations relating to the Airport. Public Act 97-271 created the Authority giving it full control of the operation and management of the Airport including the land, buildings and easements by means of a lease to the Authority by New Haven and East Haven. Although the Authority initially endeavored to negotiate a single lease with New Haven and East Haven, it discontinued that effort and negotiated a separate lease with New Haven. Contrary to General Statutes § 15-120j(b)[1], the Authority assumed full control of the Airport without the consent or approval of East Haven.
The Counterclaim further alleges that these actions of the Authority "were wrongful and have and continue to interfere with the provisions of the 1983 Agreement between the City and Town." Paragraph 13. The second count of the Counterclaim then goes on to allege that the Authority was aware of the contractual relationship between New Haven and East Haven, Paragraph 17, and intentionally sought to interfere with the contractual relationship between East Haven and New Haven. Paragraph 18.
The Authority claims that these allegations in the Counterclaim s second count are insufficient to plead a cause of action for tortious interference with contractual relationships because East Haven has not alleged that the Authority acted maliciously or is guilty of fraud, misrepresentation, intimidation or molestation, or pursuant to an improper motive or through improper means. East Haven, on the other hand, asserts that by alleging that the Authority "wrongfully" and "intentionally" interfered with the contract between New Haven and East Haven, a fair implication of malice may be drawn.
 STANDARD OF REVIEW
It is well settled that for purposes of a motion to strike, the moving party admits all facts well pleaded. RK Contractors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2 (1994). Moreover, the court must construe the facts in the complain most favorably to the plaintiff. Faulkner v. UnitedTechnologies, Corp., 240 Conn. 576, 580 (1997). The role of the trial court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the plaintiff has stated a legally sufficient cause of action. Napoletano v. CignaHealthcare of Connecticut, 238 Conn. 216, 232-33 (1996). CT Page 16298
 DISCUSSION
Tortious interference with contract rights is a well recognized cause of action in Connecticut. Blake v. Levy, 191 Conn. 257 (1983). For a plaintiff to prosecute such an action it must prove that the defendant's conduct was in fact tortious. Id., 261. "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously."Id., (emphasis added). The Authority points to this language in Blake and similar language in later Connecticut cases and argues that East Haven's allegations fail to allege fraud, misrepresentation, etc., and are therefore insufficient. It is clear, however, that the use of the work "may" in the above quoted language from Blake indicates that list of acts is illustrative and not comprehensive. Moreover, what is meant by "malice" is not ill will or spite but rather intentional interference without justification. Restatement (Second) Torts, Sec. 766 subsection (s). See also Prosser and Keeton, The Law of Torts, § 129 p. 983.
Our Supreme Court in Blake v. Levy cited with approval Section 766 of the Restatement (Second) Torts. Blake v. Levy, supra 261. Under the Restatement, whether an interfering act is tortious is tested by whether the actors behavior is "improper." Id., Connecticut law requires a plaintiff to plead and prove at least some improper motive or improper means Id., 262. Our Supreme Court in Blake v. Levy also cited with approval the reasoning of an Oregon case, Top Service Body Shop, Inc. v.Allstate Ins. Co., 283 Or. 201, 582 P.2d 1365 (1978). In Top Service the Oregon Supreme Court observed that "either the pursuit of an improper objective of harming plaintiff or the use of wrongful means that in fact cause injury to plaintiff's contractual or business relationships may give rise to the tort claim for these injuries Id., 1368. It is required that the interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. Id., 1371. A defendant's liability may arise from improper motives or the use of improper means. Id. In addition, the Restatement makes clear that the rule set forth in Sec. 766 defining the tort, applies not only where the actor acts for the primary purpose of interfering with the performance of the contract, but also "to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action." Restatement (Second) Torts § 766, Comment j.
Applying the above law to the second count of the Counterclaim, the court finds that it adequately pleads a cause of action for tortious interference with contract. As set forth above, the Counterclaim alleges that the Authority was aware of the 1983 Airport contract between East CT Page 16299 Haven and New Haven and intentionally sought to interfere with it. This adequately pleads an improper motive. Moreover, East Haven asserts that the Authority's actions in negotiating a lease only with New Haven and thereafter assuming control of the Airport pursuant to that lease were in violation of state law and wrongful. For purposes of a motion to strike, this adequately pleads improper means.
In sum, construing the second count of the Counterclaim most favorably to East Haven, it adequately pleads a cause of action for tortious interference with contract. Given this ruling on the second count, the Authority's motion to strike the third count of the Counterclaim must be denied as well.
 CONCLUSION
For the reasons set forth above, the motion to strike the second and third counts of the Counterclaim is denied.
So Ordered at New Haven, Connecticut this 29th day of December, 2000.
Devlin, J